Juan E. MULLER, Domingo Occhiuto, and Ingeniero Enrique Pagliettini, d/b/a Bigua, S.R.L., Plaintiffs-Appellants,

v.

Raymond S. GROBAN, Dora Groban, and Sidney J. Groban, d/b/a Groban Supply Co., Defendants-Appellants.

No. 14780.

United States Court of Appeals Seventh Circuit.

April 8, 1965.

Thomas W. Bloss, George W. Rauch, Charles A. Kelly, Chicago, Ill. (Hubachek, Kelly, Miller & Rauch, Chicago, Ill., of counsel), for plaintiffs-appellants.

Irwin I. Zatz, Howard Arvey, Edwin A. Wahlen, Chicago, Ill. (Arvey, Hodes & Mantynband, Chicago, Ill., of counsel), for defendants-appellees.

Before DUFFY, CASTLE, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Plaintiffs Juan E. Muller, Domingo Occhiuto, and Ingeniero Enrique Pagliettini, d/b/a Bigua, S.R.L., an Argentine company, brought this diversity action against defendants Raymond S. Groban, Dora Groban, and Sidney J. Groban, d/b/a Groban Supply Co. of Chicago. The action was for breach of a contract in which the Groban company agreed to sell Bigua two unused marine engine assemblies. The complaint alleged that Groban shipped plaintiff used, partially reconditioned engine assemblies and that plaintiff's customers refused to accept them. Damages in the amount of $57,970, together with interest, was demanded. The complaint listed the separate items of damages. These included $3,590 as the difference between the purchase price of the assemblies and their actual value, $6,000 as the cost of replacement goods "for fulfillment of Plaintiffs' customer's contract," and $1,000 for shipping expenses of replaced items.

On its own motion the district court issued a rule to show cause why the complaint should not be dismissed for failure to allege in good faith the requisite jurisdictional amount. After once continuing the hearing on the rule to show cause, the court entered an order which recited that "as a matter of law and upon the face of the complaint, the consequential damages alleged therein are not a proper measure of damages." The complaint was dismissed for the reason that the amount in controversy, exclusive of interest and costs, did not exceed the sum of $10,000 as required by section 1332 of the Judicial Code, 28 U.S.C. § 1332.

The contract was attached as an exhibit to the complaint and indicates that the engine assemblies were being shipped to plaintiff's customer, Ramser-Brouch Maritima Y Pesquera, S.R.L., Buenos Aires. Plaintiff states that if permitted to prove its case, the bills of lading and invoices will show that the engines were shipped "c and f" to Buenos Aires from the United States Naval Surplus Stores in Norfolk, Virginia.[1] On this basis plaintiff claims that the contract was performed in Virginia. Defendant, on the other hand, says that performance occurred in Chicago, Illinois, from where the c and f documents of sale were forwarded to plaintiff.

---

1. C and f means that the price quoted to the purchaser includes the cost of the goods and freight charges to place of destination. Under this type of contract delivery to the carrier is delivery to the buyer, passing title and risk to the buyer.

Both parties recognize that in diversity cases, the federal courts apply the substantive law of the forum state, Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including the conflicts of law rules of that state, Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). They also agree that under Illinois law the measure of damages for breach of contract is controlled by the law of the state where the contract is to be performed if the law of that state is different from the law of the state where the contract was executed. Benedict v. Dakin, 243 Ill. 384, 90 N.E. 712 (1909); Wm. J. Lemp Brewing Co. v. Ems Brewing Co., 164 F.2d 290 (7th Cir. 1947). The contestants part company, however, in asserting the place of performance of the contract in question—plaintiff contending that performance took place in Virginia and defendant contending that the contract was performed in Illinois. Plaintiff maintains that under the law of Virginia consequential damages such as plaintiff seeks are recoverable and that therefore more than $10,000 is in controversy. Defendant argues that under the law of Illinois, in the absence of special circumstances, only direct damages are recoverable for the breach of a sales contract, and that this precludes plaintiff from seeking damages in excess of $10,000 since the direct damages are admitted not to equal that sum.

It is not necessary to determine the correctness of the parties' respective assertions concerning the law of Illinois and the law of Virginia with regard to damages for the breach of an executory sales contract. The very dispute between the parties over the place of the contract's performance is sufficient to show that this case presented a factual issue that can be resolved only by a trial. The case should not have been dismissed by the district judge *sua sponte* on the basis that the complaint showed as a matter of law that the requisite jurisdictional amount was lacking.

Defendants contend that the district court gave plaintiff ample opportunity to offer evidence in support of jurisdiction, but that plaintiff offered no evidence and elected to stand upon its complaint. Plaintiff was not required to sustain its claim twice, once preliminarily to show jurisdiction and again at trial. Of course, sham pleadings are not to be allowed to sustain a claim of jurisdiction when a party has alleged excessive damages in bad faith. Nevertheless, as this court observed in Columbia Pictures Corp. et al. v. Grengs et al., 257 F.2d 45, 47 (7th Cir. 1958), "[T]he plaintiff need not twice establish his proof of value—once before trial on the merits and later on the merits when issues are joined under complaint and answer."

To dismiss a claim because of bad faith in alleging the jurisdictional amount, it must be certain that the valid portion of the claim is for less than the requisite amount. This was made clear in Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), where the Court said: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." Accord, Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

As we have noted, there is a genuine dispute about the facts which the parties contend the evidence will establish and as to the applicable law in determining the damages to be allowed. For that reason it cannot be said with "legal certainty" that plaintiff has in bad faith alleged damages which do not meet the jurisdictional standard. The dispute can be resolved only upon trial and not by a mere reading of the complaint.

The order of dismissal is reversed and the cause remanded for further proceedings.